Thank you. May I proceed? Yes. May it please the Honorable Court, Richard Schoenfeld, appearing on behalf of the appellant, Salum Kayat Kayarath. With the Court's permission, I'd like to reserve two minutes for rebuttal. The issue in this appeal is quite narrow. The question presented is, can the District Court order a sentence to run concurrent to a yet-to-be-pronounced state sentence when the defendant is in federal custody? And I respectfully submit that the answer is no. I'll give a brief overview of the procedural history because it's important when we get to the issue presented. Mr. Kayarath was arrested on the federal warrants for supervised release violations. He had two separate cases that were consolidated initially for sentencing purposes. So he was arrested on the two warrants on May 26, 2023. At the point in time when he was arrested on the federal warrants, he had no state court case pending. He was therefore in the exclusive custody of the federal court system. He was thereafter indicted in the state court on June 2, 2023, but remained in the exclusive custodial, exclusive custody of the federal court system. He entered a guilty plea in state court on August 15, 2024, and it was a conditional plea. And there were three conditions to that resolution that are relevant to this appeal. One is that the sentence that would be imposed in state court would run concurrent to the sentence that would be imposed in federal court. Two is that he would receive credit for time served from March 23, 2023. And three is that the state court sentencing would be continued until after the federal court sentencing on the supervised release violations so that the concurrent component of the state sentence could be implemented. Why isn't that fully consistent with Setzer? Because Setzer suggests that if the federal court goes first, it lays its cards on the table. You know, 84-month total sentence, I would like it to be consecutive to the state sentence, and then the state court looks at that and says, meh, we'll make it concurrent. And the reality is, as a practical matter under Setzer, whoever gets in second gets to decide. And it looks like here that's going to be the state system. So maybe they'll decide we're just going to follow our concurrent and that's it. But it doesn't make anything about this sentence illegal, does it? Respectfully, it does. And here's the distinction. All of the cases that talk about a federal court sentencing a defendant to a consecutive term of imprisonment on a to be pronounced state sentence involve circumstances where the defendant is in state custody. And it makes sense because... Why does that make a difference under the logic of Setzer? That's what I don't see. So if we start the analysis by looking at 18 U.S.C. 3584, which is where the court started in the Montes Ruiz case, which is a Ninth Circuit decision, what happens is we look at when the court can sentence on multiple sentence of imprisonment to consecutive time. And when we look at the clear language of that statute, it provides that if multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, then the court can choose consecutive or concurrent. Neither of those are present here. Exactly. And so when we look at the Montes Ruiz case, what the court did there is stated that, okay, well, this statute doesn't apply. And we then look to Taylor and Reynolds, which were two Ninth Circuit cases that came out before then. And they said in that case, it specified that the court cannot order a sentence to be served concurrently or consecutively with a sentence, including a state sentence, that has not yet been imposed. And then the next sentence in the decision is the United States Supreme Court abrogated the Taylor-Reynolds rule as it applies to an anticipated but not yet imposed state sentence. Precisely. Which is our case. Precisely. But then we go to the Stetzer case, and we look at what the Stetzer court actually did. So you're starting with the statute that says you cannot do this. Then we look at the Ninth Court, the Ninth Circuit. But hold on. The statute doesn't say you can't do it. It just doesn't provide that you can. Correct. Now, that seems to be, I mean, that's kind of an important point. I agree. But then Stetzer says that if the restrictions, and that's how it Stetzer interprets 3584, if those restrictions don't apply, then the traditional discretion that it held was afforded to judges to decide this issue is what controls. Except that in Stetzer, and I'm looking at page 237, it expressly states, we find nothing in the Sentencing Reform Act or in any other provision of the law to show that Congress foreclosed the exercise of district court sentencing discretion in these circumstances. So if we go back to the initial starting point of the analysis, which is the statute that provides for when the court has the discretion to sentence somebody consecutive versus concurrent, and then we look at the carve-out that was provided by the United States Supreme Court in Stetzer, the carve-out does not apply to these circumstances, which is, I'm taking that language directly from the Stetzer decision, which then brings us back to the initial step of the analysis, which is, you cannot prescribe a sentence to run consecutive or concurrent to a yet-to-be-pronounced state sentence, because these aren't the Stetzer circumstances. And that's what the Ninth Circuit held initially in Montez Ruiz, and then acknowledged the carve-out from Stetzer, which applies, as stated in the U.S. Supreme Court decision, to those circumstances. Those circumstances don't exist in this case, because Mr. Karrath was in federal custody, he was sentenced in federal court first, and the court pronounced that the sentence or ordered that the sentence would run consecutive to the yet-to-be-pronounced state sentence, acknowledging that it was probably going to be a nullity. However, the government hasn't argued any type of mootness issue, and I would respect that. Well, but it's not really a nullity. I mean, the sentence still exists. It may change, you know, it may be altered in some way, the practicality of it may be altered because of some subsequent action, but that's not uncommon. Well, I'm just saying that the district court actually acknowledged it would probably be a nullity, and I argued that from a practical standpoint, the court's order could not be implemented because he was in federal custody. Well, but then why are you worried about it, if that's true? Because it's capable of repetition, yet evading review, and I think it is, from an academic standpoint. Well, it's not really capable. It might be capable of repetition, but it doesn't seem like it's evading review. We're fully capable here. And that's why I think that the court does need to address it because these are not the circumstances outlined in Stetzer, and then we revert back to the initial statutory analysis, and the statute that Congress implemented does not provide for the ability to run the case consecutive or concurrent to a yet-to-be-pronounced state sentence. So your position, the way you say that, you make it seem like they wouldn't have even had the ability to sentence until the state court, because you're saying they couldn't do it either consecutive or concurrently. And that's exactly what the Montez Ruiz court said prior, when analyzing Taylor and Reynolds, which were implemented prior to Stetzer, that really the court is supposed to stay silent on it. The court sentences in federal court, he's in federal custody, he's getting sentenced in federal custody first, and that gets into the federalism principles that I argued in the brief as well. Oh, so you're fine with the sentence. You just don't think any specification should have been made. Even if he'd said it was going to be concurrent. Yet the court should not have made a pronouncement or an order as to consecutive or concurrent to the state sentence. And if we look at, and I'll sum up the language in Stetzer on page 243, it says, in our American system of dual sovereignty, each sovereign, whether the federal government or a state, is responsible for the administration of its own criminal justice system. If a prisoner like Stetzer starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the federal government, whether the district court or the Bureau of Prisons, that decides whether he will receive credit for time served in state custody. And if he serves his federal sentence first, the state will decide whether to give him credit against his state sentences. And that's what should have happened in this case. Without being bound by what the district court said on the matter. That's why I kind of wonder, you know, why we're here. Because he's going to finish the federal sentence, and then the state's going to decide what it's going to do. And under Stetzer, it is not bound by what the district court held here. It can do whatever it wants. And I guess the issue I have with that, Your Honor. You don't want an advisory opinion out there, is effectively what you're saying. And we raised this issue in the district court. We had a conditional plea agreement. We knew what was going to happen in state court. And the judge, nevertheless, ordered a sentence that is a nullity and can't occur. And we're not supposed to deal with nullities or advisory opinions. But at the time it was entered, that wasn't known. Because the state court might have said, that sounds good, I'll make it consecutive. The court couldn't. We could have withdrawn from the plea agreement. And that's another unique aspect of this. It was a conditional plea agreement with credit from the date of his arrest, and mandating that it be concurrent to the federal sentence. So that's another unique aspect of this. And I'll reserve what I have left. No. Thank you very much. Thank you. We'll hear from the government. Excuse me. Good morning, Your Honors. May it please the court. My name is Brianna Chapa, and I represent the United States. The court is correct. Setzter clearly disposes of this issue. Under that case, the Supreme Court held that a district court has discretion to impose a sentence to run consecutive to an anticipated state court sentence. The issue here- Can I just ask, how often is this done? I mean, their argument seems to be, hey, just be silent on this. It clearly is a jump ball, if you will, because we don't know what's going to happen. Why are you weighing in on this? Do federal district courts normally weigh in on this, or does this not come up very often? I am not sure, Your Honor. But what Setzter makes clear is that- Is that you can. You can do it. But why isn't this- I mean, is this case moot? Because it's very clear under Setzter that the state will have the last word because they're going to get the second custody. And it's very clear from the last colloquy with defense counsel that the state court must make the sentences concurrent. That's what the state court judgment says. And if it doesn't, he gets to withdraw his plea in the state case. So the state court will make them concurrent, and this will effectively be a nullity. So why does it- It seems nothing turns on this. What practical consequence would a decision that this sentence is lawful have? So your question is, why would the decision- Does it make any difference whether- If we say, yes, this is okay, and it was all right to say that this can be consecutive, that seems to make no difference versus whether we say, no, it's unlawful and should be made concurrent. Nothing happens. Nothing changes on it. It's totally an advisory opinion, it would seem. Why is- What in the real world is going to be different, depending on what you're saying? Depending on how we decide this case? Well, I think that goes to federalism and dual sovereignty, that both courts, the state court and the federal court, can run their sentences how they see fit without being bound by what the other court says on the matter. I don't think that the federal court here necessarily- Or I don't think the federal court should have been bound by the guilty plea agreement that the defendant entered at the state court, because then that would be the state court demanding the federal court how to impose its sentence. And Setzer makes clear that each court is not bound by the sentence that the other imposes. And also, I think that's why Setzer also comes to the holding that even if the first sentence, which in Setzer and here was the federal sentence that was imposed, becomes later thwarted by the second sentence from the state court, it doesn't make that sentence unreasonable. I guess I sort of understand your point, but there is this sense of comedy, if you will. I don't understand why the federal courts are doing it in this circumstance. If the cards are always held by the state court in this circumstance, then why is the federal court ever weighing in on it? I mean, it does seem to be a little, I don't know if heavy handed is the right word, but it does sort of seem to be, well, we want to get our word on the books, even though we know that it won't have a practical consequence. But maybe it will. Maybe it'll sway the state court. In this case, it won't. But in other cases, maybe it will. The district judge here at sentencing stated that she thought it was a necessary sentence due to the repeated supervised release violations. And the nature of the supervised release violations became more aggressive over time, starting with the DUI and ultimately ending up with attempted murder and drugs. And so that is why the district court here thought that it was reasonable to impose the sentences consecutively. Well, I understand why she said that. And I don't think anyone's disagreeing that, in theory, that would have been okay to do. But it doesn't have any practical consequence. It can't control at the end of the day, because the state court sentencing judge is always going to hold the cards. So that's why it's just a little bit confusing as to why the federal judge is ever kind of weighing in on this. That is true, Your Honor. The second sentencing court will always determine how the sentences will be run. But under Setzer, that doesn't make the district court sentence unreasonable. It's really whoever gets custody second gets to determine what happens, because that's when whoever the second custodian is, is the one who gets to decide, well, when am I going to let this person out? I take it that's just happenstance, whether the federal custody is first versus the state custody? That's right, Your Honor. If there are no further questions from the court, I'm happy to submit the remainder of my time. Thank you. Thank you. I will be brief and stay within my 35 seconds. I'm respectfully asking that the court enter an order striking the portion of the judgments where the federal court ordered the sentence to be concurrent, sorry, consecutive to the state court, or alternatively to remand with instructions. Is there any sort of, you know, you've heard the speculating about, about, you know, that this would be advisory or something. Is there any circumstance where the federal court here could have, by sentencing them consecutively, could have influence, like could have something changed, something unlikely, but unforeseen in the state court? I'm just trying to figure out. In theory, but I don't think practically. And the reason I say in theory is that the Bureau of Prisons does have a lot of discretion in terms of where someone is housed or how they serve their sentence. And that was one of the initial concerns I had. So could somehow like a leapfrog where like they somehow, I don't know, something happens, they end up serving the state sentence first. I'm assuming that that's what our district court colleague must have been thinking in order to do this. I can tell you that what actually happened is after he was sentenced in federal court, they transferred him to state custody, which was completely improper because he had already been sentenced in federal court and the state court judge had already ordered that he would be sentenced in state court in absentia. As a result of that, I reached out to the Bureau of Prisons and they acknowledged that the government body that has initial custody is the one that is first to serve the sentence. If you hadn't fixed it, he could have served the state sentence first and then the judge's order here would have had some real teeth. And that's why it's not advisory, but it was improper on the part of the Bureau of Prisons and that's why they remedied it quickly. You both want us to speak on the merits, but it makes no difference in this case. So ultimately, from a practical standpoint, unless something were to change, which I have concerns about given what the Bureau of Prisons attempted to do already, I agree that he's serving his federal sentence now. The state court ran it consecutive and backdated his credit and it might end up in no practical consequence to Mr. Karrath, but... The DOP transferred him back to state custody. Suppose we say it's moot and then the day after they send him over to state custody, it's going to make a big difference. It's no longer moot and that's the issue. And so I'm just requesting that the language regarding it being consecutive to state court either be stricken by this court, as that's the component that I believe violated the case law and statutory law that we cited, or alternatively, remand with instructions that that portion of the sentence be vacated or stricken. Thank you. All right. Thank you. Thank you to both counsel for well-stated arguments. The case is now submitted and we'll move on.
judges: NELSON, COLLINS, VANDYKE